McKinney, J.,
delivered the opinion of the court.
This is an appeal in error from the circuit court of Henderson. The action was for an unlawful detainer; and the only question necessary to he considered, arises upon an exception to the competency of the witness, Bradbury.
Boren, the plaintiff in the action, claims title and right of possession, by virtue of a deed of conveyance executed to him by the witness, Bradbury, on the 19th of August, 1853. This deed was produced and read by the plaintiff, on the trial of the cause, as evidence of his right of possession. In addition to the covenant of general warranty, it contains an express covenant, that Bradbury, the bargainor, is “lawfully possessed” of the tract of land described in the deed, and has “ a good right to convey the same.”
The defendant, Elliott, was in the actual and exclusive possession of said tract of land at the time of the conveyance from Bradbury to Boren, and for some years prior to said conveyance.
And the question of fact, upon which the case turned before the jury, was, whether Elliott’s possession was *664 in subordination, or adverse to the title of Bradbury, prior to, and' at the date of the conveyance to the plaintiff, Boren. To establish the relation of landlord and tenant between Bradbury and Elliott, at the time of conveyance, and previously, the former was offered and admitted as a witness on behalf of the plaintiff. The defendant excepted to the competency of the witness, but the exception was overruled by the court.
In this the court erred. We think it clear, that the witness was incompetent. If the possession of Elliott were in fact, adverse at the date of the conveyance from the witness to the plaintiff, then the inevitable consequence would be, that the conveyance was utterly void, by force of the act of 1821, ch. 66, % 1, prohibiting the sale of pretended titles.
Such adverse possession would constitute a direct breach of the covenant of lawful possession and right to convey, and give the purchaser an immediate right of action for such breach. In this view, it is clear that the - witness was wholly incompetent. The necessary effect of his testimony, if it prevailed, to establish the fact in issue, would be to relieve him from liability on his covenant. And it is the settled law in this State, that where the witness is so situated, that a legal right or liability, or discharge from liability, would result from the verdict and judgment; or where such legal right or liability depends, not simply on the verdict and judgment, but also on some material fact disputed in the cause, the witness is incompetent.
And it is equally well settled, that a vendor, who is answerable to his vendee in case the title turn out to be defective, is not competent as a witness for his *665 vendee, to support such, title. Burke vs. Clarke, 2 Swan’s Rep., 310, and authorities cited.
It follows, that the judgment is erroneous and must be reversed.